```
              UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF FLORIDA
                  TALLAHASSEE DIVISION
```

Datamaxx Applied Technologies,
Inc., a Florida Corporation,

    Plaintiff,

v.                                    Case No. 4:09-CV-435-RH/WS

Computer Projects of Illinois,
Inc., an Illinois Corporation,

    Defendant.

_____/

## DEFENDANT'S AMENDED ANSWER

    Defendant, Computer Projects of Illinois, Inc. ("CPI"), pursuant to Rule 15(a), Fed. R. Civ. P., submits its Amended Answer to the Complaint filed by plaintiff, Datamaxx Applied Technologies, Inc. ("Datamaxx"). The only change is CPI's response to paragraph 25 of the Complaint -- the original Answer inadvertently reversed the portion of the allegations that should have been admitted and those that should have been denied.

## Jurisdiction and Venue

    1.    Admitted.

    2.    Admitted.

    3.    Admitted.

    4.    Denied.

    5.    CPI admits only that Datamaxx purports to assert a civil claim arising under the copyright laws of the United States, 17 U.S.C. sections 101, et seq., and that the Court

therefore has exclusive subject matter jurisdiction pursuant to 17 U.S.C. sec. 501 and 28 U.S.C. secs. 1331 and 1338.  CPI denies that there is any merit to plaintiff's claims and denies each and every remaining allegation in paragraph 5 of the Complaint not expressly admitted herein.

    6.   CPI admits that there is a complete diversity of citizenship, but denies that the amount in controversy exceeds $75,000, and thus denies that jurisdiction exists pursuant to 28 U.S.C. sec. 1332.

    7.   Denied.

    8.   Denied.

### General Allegations

    9.   CPI is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 9 of the Complaint, and therefore denies them.

    10.  CPI is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 10 of the Complaint, and therefore denies them.

    11.  Admitted.

    12.  CPI admits only that Exhibit B to the Complaint is a true and accurate copy of the Marketing/Teaming Agreement and is the best evidence of its contents.  CPI denies each and every remaining allegation in paragraph 12 of the Complaint not specifically admitted herein.

    13.  CPI admits only that the Marketing/Teaming Agreement is the best evidence of its contents.  CPI denies each and every

remaining allegation in paragraph 13 of the Complaint not specifically admitted herein.

    14. CPI admits only that several contracts were awarded by various government agencies to Datamaxx and CPI operating under the Marketing/Teaming Agreement. CPI denies each and every remaining allegation in paragraph 14 of the Complaint not specifically admitted herein.

    15. Denied.

    16. Denied.

    17. Denied.

    18. CPI admits only that it had access to Version 1.0 of Datamaxx's User Manual, Omnixx Overview Version 1.1, and certain text, 2-D artwork and screen shots pursuant to the Marketing/Teaming Agreement, for example in connection with responding to procurement requests and installing software on client computer systems. CPI denies each and every remaining allegation in paragraph 18 of the Complaint not specifically admitted herein.

    19. Denied.

    20. Denied.

    21. Admitted.

    22. CPI denies that it terminated the Marketing/Teaming Agreement. CPI admits only that it decided not to renew the Marketing/Teaming Agreement upon its expiration and that it performed its responsibilities under the agreement with respect to all customer contracts entered pursuant to the agreement.

CPI denies each and every remaining allegation in paragraph 22 of the Complaint not specifically admitted herein.

23. CPI admits that, as of June 2004, it still had access to Datamaxx's User Manual and certain text, 2-D artwork and screen shots pursuant to the Marketing/Teaming Agreement. CPI denies that, as of June 2004 or any other time, it accessed the source code to any of Datamaxx's copyrighted materials. CPI denies each and every remaining allegation in paragraph 23 of the Complaint not specifically admitted herein.

24. CPI admits only that, following the expiration of the Marketing/Teaming Agreement, it developed its own end-user software for use by law enforcement agencies, just as Datamaxx developed its own central switch software following expiration of the agreement. CPI denies each and every remaining allegation in paragraph 24 of the Complaint not specifically admitted herein.

25. Admitted as to OpenFox Messenger. Denied as to OpenFox DeskTop.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

### Count I – Copyright Infringement

30. CPI realleges and incorporates its responses to paragraphs 1 – 29 of the Complaint as if fully set forth herein.

31. CPI is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 31 of the Complaint, and therefore denies them.

32. CPI is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 32 of the Complaint, and therefore denies them.

33. Denied.

34. CPI admits only that it was never granted any right to copy, reproduce, duplicate, disseminate, make derivative works, sell or distribute Datamaxx's copyrighted materials, and that it did not do so.  CPI is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 34 of the Complaint, and therefore denies them.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

**First Defense**

Plaintiff's claims are frivolous and/or so substantially without merit that CPI is entitled to recover its attorneys' fees and costs incurred in defending the matter pursuant to Rule 11, Fed. R. Civ. P., and/or 17 U.S.C. sec. 505.

**Second Defense**

Plaintiff's claims fail because all or part of the works upon which the claims are based are not subject to copyright protection.

**Third Defense**

The scope of the injunctive relief sought by plaintiff is overbroad and, if granted, would violate of the Constitutions of the United States and the State of Florida.

Defendant, Computer Projects of Illinois, Inc., respectfully requests that the Court enter judgment in its favor, and against plaintiff, as to all claims in the Complaint, that the Court award defendant its costs and reasonable attorneys' fees incurred in defending this matter, and that the Court enter any further relief it deems just and appropriate.

```
                              Respectfully submitted,

                              AUSLEY & McMULLEN, P.A.

                              /s/Martin B. Sipple_____
                                Robert N. Clarke, Jr.
                                Fla. Bar No.
                                Martin B. Sipple
                                Fla. Bar No. 0135399
                                227 South Calhoun Street
                                P.O. Box 391 (zip 32302)
                                Tallahassee, Florida 32301
                                (850) 224-9115 – telephone
                                (850) 222-7560 – facsimile

                              Attorneys for Defendant
```

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was served via the Court's ECF system and mailed, first class postage prepaid, the 29th day of December, 2009 to:

Wiley Horton
Pennington, Moore, Wilkinson, Bell & Dunbar, P.A.
215 South Monroe Street, Suite 200
Tallahassee, Florida 32301

```
                              /s/Martin B. Sipple_____
                              Attorney
```