# EXHIBIT

# A

# Pennington
## Moore
## Wilkinson
## Bell &
## Dunbar P.A.
ATTORNEYS AT LAW
www.penningtonlaw.com

**Adrienne Love**
Attorney at Law
(850) 222-3533
adrienne@penningtonlaw.com

March 31, 2010

Ausley & McMullen, P.A.
Attn: Martin Sipple
123 South Calhoun Street
P.O. Box 391
Tallahassee, FL 32301

RE: Datamaxx v. CPI

Dear Mr. Sipple,

Please find enclosed a copy of the OMNIXX Desktop source and OMNIXX Force Browser source. Please contact the office should you have any questions.

Sincerely,

Adrienne Love

**EXHIBIT**

**A**

215 South Monroe St., 2nd Floor (32301)   •   P.O. Box 10095   •   Tallahassee, FL 32302-2095   •   (850) 222-3533   •   (850) 222-2126 fax

TALLAHASSEE                                          TAMPA                                          CLEARWATER

# EXHIBIT

# B

# AUSLEY & McMULLEN

### ATTORNEYS AND COUNSELORS AT LAW

123 SOUTH CALHOUN STREET
P.O. BOX 391 (ZIP 32302)
TALLAHASSEE, FLORIDA 32301
(850) 224-9115 FAX (850) 222-7560

April 1, 2010

**VIA HAND DELIVERY**

Adrienne C. Love
Pennington, Moore, Wilkinson, Bell & Dunbar, P.A.
215 South Monroe Street
Second Floor
Tallahassee, Florida 32301

      Re:   <u>Datamaxx Applied Technologies, Inc. v. Computer Projects of Illinois, Inc.</u>
                Case No. 4:09-CV-435-RH/WS, U.S. District Court, N.D. Fla.

Dear Adrienne:

Enclosed are two CD-Roms, bates numbered CPI-00001 and CPI-00002, respectively, containing the source code for CPI's OpenFox Desktop (v.1.00.0125, 10/18/06) and OpenFox Messenger (v. 1.00.0137, 10/20/06) products.

Adrienne, the information on these disks is obviously highly confidential and proprietary and subject to the Protective Order entered in this case. The disks should be carefully protected by your firm and any outside experts from disclosure to unauthorized persons.

Very truly yours,

Martin B. Sipple

MBS/jm

cc:    Robert N. Clarke, Jr. (w/out encl.)

**EXHIBIT**
_B_

# EXHIBIT

# C

# AUSLEY & MCMULLEN

### ATTORNEYS AND COUNSELORS AT LAW

123 SOUTH CALHOUN STREET
P.O. BOX 391 (ZIP 32302)
TALLAHASSEE, FLORIDA 32301
(850) 224-9115 FAX (850) 222-7560

April 7, 2010

## VIA HAND DELIVERY

Adrienne C. Love
Pennington, Moore, Wilkinson, Bell & Dunbar, P.A.
215 South Monroe Street
Second Floor
Tallahassee, Florida 32301

Re:     Datamaxx Applied Technologies, Inc. v. Computer Projects of Illinois, Inc.
        Case No. 4:09-CV-435-RH/WS, U.S. District Court, N.D. Fla.

Dear Adrienne:

Enclosed are two CD-Roms, bates numbered CPI-00003 and CPI-00004, containing beta testing versions of the source code for CPI's OpenFox Desktop (v. 0.09, 8/30/08) and OpenFox Messenger (v. 0.09, 8/28/08) products, respectively. As I indicated on the telephone, these disks include some source code created prior to the official release of each product in October 2006 (as well as some created after), and thus we concluded that, notwithstanding that they represent beta testing/prototype versions, they should be provided in the interests of full and complete production.

Adrienne, the information on these disks is obviously highly confidential and proprietary and subject to the Protective Order entered in this case. The disks should be carefully protected by your firm and any outside experts from disclosure to unauthorized persons.

Very truly yours,

Martin B. Sipple

MBS/jm

cc:     Robert N. Clarke, Jr. (w/out encl.)

**EXHIBIT**

C

# EXHIBIT

# D

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

Datamaxx Applied Technologies,
Inc., a Florida Corporation,

    Plaintiff,

v.                              Case No. 4:09-CV-435-RH/WS

Computer Projects of Illinois,
Inc., an Illinois Corporation,

    Defendant.

_____/

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant, Computer Projects of Illinois, Inc. ("CPI"), pursuant to Rule 33, Fed. R. Civ. P., requests that, within thirty (30) days of service, defendant, Datamaxx Applied Technologies, Inc., answer each interrogatory set forth below in writing and under oath.

### General Instructions

1.    Unless otherwise indicated by the context, as used herein "Datamaxx" refers to plaintiff, Datamaxx Applied Technologies, Inc.

2.    These interrogatories call for all information that is known or is available to Datamaxx, including all information in the possession or under the control of Datamaxx's agents, employees, predecessors, successors, assigns, investigators, attorneys, or accountants, or other persons acting under Datamaxx or under the authorization, employment, direction or control of persons acting under Datamaxx.



EXHIBIT

D

3.    As used herein, "DOCUMENT," "DOCUMENTS," "WRITING," and "WRITINGS" mean all forms of "writings" as defined in Federal Rule of Evidence 1001(1), and includes any reduction of communication, information, or data to tangible form, including computer or magnetic memory or storage, and any written, recorded, or filmed graphic matter of any kind or nature, however produced or reproduced, including originals, drafts, or non-identical copies, wherever located.  This definition shall apply to all documents on the particular subject in Datamaxx's possession, custody, or control, or that of Datamaxx's attorneys, agents, employees, officers, directors, or representatives, irrespective of who generated, prepared, or signed the documents.

3.    As used herein, the term "IDENTIFY," where used with respect to a natural person, means to state the person's full name, present or last known home and business addresses and telephone numbers, occupation and title, and relationship or affiliation, if any, with Datamaxx.

4.    The term "IDENTIFY," where used with respect to a corporation, partnership, limited partnership, association, cooperative or other entity, means to state the entity's full name, present or last known business address and telephone number, its relationship, if any, to Datamaxx (e.g. manufacturer, licensee, customer, supplier, consultant, etc.), and the name and job title of Datamaxx's contact person, if any.

5.    The term "IDENTIFY" where used with respect to an event or a thing means to state the date and place each event or

2

thing occurred, to identify the witnesses to each event or thing, and to describe the event or thing in detail.

6.    The term "IDENTIFY," where used with respect to the term "DOCUMENTS," means to state the date of each document, its author, the sender, the number and the type of document, the name and address of each recipient of the document, its subject matter and substance, and the name and address of any person presently having possession, custody or control of the document. If a document was known to Datamaxx at any time but is no longer in existence, state what disposition was made of the document and the reason for said disposition.

7.    As used herein, the words "or" and "including," and similar words of guidance, are merely intended as such, and should not be construed as words of limitation; the word "or," for example, shall include the word "and," as appropriate, and the word "including" shall not be used to limit any general category description that precedes it.

8.    As used herein, "REGARDING", "RELATE(S) TO" or "RELATING TO" mean, by way of example and without limitation, describes, explains, memorializes, evidences, substantiates, demonstrates, comprises, refers to, pertains to, supports, contradicts, affects, or concerns all or any portion of the matters, facts, and contentions specified in the interrogatory.

9.    As used herein, "Complaint" means the Complaint filed by plaintiff against defendants in this action, Civil Action No. 4:09-CV-435-RH/WS.

3

10.  If you object to any interrogatory on the ground that it calls for disclosure of information allegedly protected from discovery by any privilege or doctrine, including, but not limited to, the attorney-client privilege or the attorney work product doctrine, provide the following information concerning any such information:

(a)  its nature (e.g., telephone communication, letter, memorandum), and whether it is reflected in or evidenced by any document, as defined herein;

(b)  the subject matter of the information;

(c)  the date on which the document was made;

(d)  the name, address, and occupation of each person (i) who was a party to said communication, (ii) who was present at the time of (or who overheard) said communication, and/or (iii) to whom said communication or information has been disclosed in whole or in part and the reason therefore; and

(e)  the basis for the claim of privilege.

11.  These interrogatories shall be deemed continuing in accordance with Federal Rule of Civil Procedure 26(e).

4

## Interrogatories

1.   State with specificity each and every original, non-functional element of the Omnixx.Desktop source code that you claim is copyrightable and which you claim has been copied by defendant.

**Answer:**

2.     State with specificity each and every original, non-functional element of the Omnixx.OmniForce source code that you claim is copyrightable and which you claim has been copied by defendant.

**Answer:**

6

3.    State with specificity each and every original, non-functional element of the Omnixx Force Browser User Manual that you claim is copyrightable and which you claim has been copied by defendant.

**Answer:**

4. State with specificity each and every fact known to you supporting the allegation that defendant copied any of the Omnixx.Desktop source code.

**Answer:**

5.     State with specificity each and every fact known to you supporting the allegation that defendant copied any of the Omnixx.OmniForce source code.

**Answer:**

9

6.    State with specificity each and every fact known to you supporting the allegation that defendant copied any of the Omnixx Force Browser User Manual.

**Answer:**

7.   Do you claim to have direct proof that defendant copied any of Datamaxx's Omnixx.Desktop source code?   If so, state each and every fact supporting this claim including, but not limited to, the identity of each and every person purporting to have such direct proof.

**Answer:**

11

8.    Do you claim to have direct proof that defendant copied any of Datamaxx's Omnixx.OmniForce source code?  If so, state each and every fact supporting this claim including, but not limited to, the identity of each and every person purporting to have such direct proof.

**Answer:**

12

9.    Do you claim to have direct proof that defendant copied any of Datamaxx's Omnixx Force Browser User Manual?   If so, state each and every fact supporting this claim including, but not limited to, the identity of each and every person purporting to have such direct proof.

**Answer:**

13

10. Is Datamaxx's contention that defendant copied its Omnixx.Desktop source code based upon substantial similarity between the operation of Datamaxx's Omnixx.Desktop product and the operation of CPI's DeskTop product?  If so, identify with specificity each and every alleged substantial similarity of which plaintiff is aware in this regard.

**Answer:**

14

11. Is Datamaxx's contention that defendant copied its Omnixx.OmniForce source code based upon substantial similarity between the operation of Datamaxx's Omnixx.OmniForce product and the operation of CPI's Messenger product? If so, identify with specificity each and every alleged substantial similarity of which plaintiff is aware in this regard.

**Answer:**

15

12. Is Datamaxx's contention that defendant copied its Omnixx Force Browser User Manual based upon substantial similarity between that User Manual and CPI's user manual? If so, identify with specificity each and every alleged substantial similarity of which plaintiff is aware in this regard.

**Answer:**

16

13. Identify with specificity each and every fact known to plaintiff indicating that anyone affiliated with defendant had access to Datamaxx's source code for purposes of copying all or any part of it.

**Answer:**

14. If you contend as part of your answer to interrogatory number 6 that defendant had access to plaintiff's Omnixx Force Browser User Manual because the manual is widely distributed, describe in detail the means and methods by which plaintiff distributes its user manual, i.e., to whom is the manual sent or given and on what basis, how often are updates sent or given, and do plaintiff's records show that anyone affiliated with CPI was ever sent or given a user manual?

**Answer:**

15. Identify every person involved in the design or creation of all elements of the Omnixx.Desktop source code that you contend are original, non-functional and copyrightable, as identified in your answer to interrogatory number 1.

**Answer:**

19

16.   Identify every person involved in the design or creation of all elements of the Omnixx.OmniForce source code that you contend are original, non-functional and copyrightable, as identified in your answer to interrogatory number 2.

**Answer:**

20

17. Identify every person involved in the design or creation of all elements of the Omnixx Force Browser User Manual that you contend are original, non-functional and copyrightable, as identified in your answer to interrogatory number 3.

**Answer:**

18. Identify every person or entity that plaintiff has ever accused of infringing any copyright relating to its Omnixx products, whether or not litigation was commenced.

**Answer:**

22

19.   If you contend that you have suffered damages as a result of defendant's alleged conduct, describe in detail the amount of damages you claim, how those damages are calculated, and identify all documents supporting or upon which the calculations are based.

**Answer:**

20.   To the extent not identified in your answers to interrogatory numbers 1-19, identify each person known to you or to anyone acting on your behalf who has any knowledge regarding the facts and circumstances surrounding the matters alleged in your Complaint or your alleged damages, and briefly describe the facts of which each person has knowledge.

**Answer:**

24

21. Please state whether you or anyone acting on your behalf has obtained statements in any form from any person regarding any of the events or happenings relating to the matters alleged in your Complaint or your alleged damages.

**Answer:**

22. Identify each expert witness you plan to call at trial and, with regard to each, state the following: (a) the subject matter of the expert's expected testimony; (b) all opinions to be expressed and the basis and reasons therefore; and (c) the data or other information considered by the witness in forming the opinions.

**Answer:**

STATE OF

COUNTY OF

    The undersigned hereby certifies that he/she is authorized to answer the foregoing interrogatories on behalf of Datamaxx Applied Technologies, Inc., and that the answers set forth herein are true and correct to the best of his/her knowledge, information, and belief.

    EXECUTED this _____ day of February, 2010.

                                   _____

    Sworn to and acknowledged before me this _____ day of _____, 2010, by _____ personally known to me or, if not personally known to me, who produced a Driver's License #_____ for identification.

                                     _____
                                     Notary Public

                                     _____
                                     (Printed Name of Notary)

(Notary Seal)

Respectfully submitted,

AUSLEY & McMULLEN, P.A.

By _____
Robert N. Clarke, Jr.
Fla. Bar No. 0592900
Martin B. Sipple
Fla. Bar No. 0135399
123 South Calhoun Street
P.O. Box 391 (zip 32302)
Tallahassee, Florida 32301
(850) 224-9115 – telephone
(850) 222-7560 – facsimile

Attorneys for Defendant

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served via electronic mail ("email") and mailed, first class postage prepaid, the **22** day of January, 2010, to:

Wiley Horton
Pennington, Moore, Wilkinson, Bell & Dunbar, P.A.
215 South Monroe Street, Suite 200
Tallahassee, Florida 32301

_____
Attorney

28

# EXHIBIT

# F

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

Datamaxx Applied Technologies,
Inc., a Florida Corporation,

     Plaintiff,

v.                                    Case No. 4:09-CV-435-RH/WS

Computer Projects of Illinois,
Inc., an Illinois Corporation,

     Defendant.

_____/

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

Defendant, Computer Projects of Illinois, Inc. ("CPI"), pursuant to Rule 35, Fed. R. Civ. P., requests that, within thirty (30) days of service, defendant, Datamaxx Applied Technologies, Inc. ("Datamaxx"), admit the truth of each of the following matters within thirty (30) days of service.

### Requests

1.    The source codes for Omnixx.Desktop (10/29/02 version) and OpenFox DeskTop (v. 1.00.0125 & v. 0.09) are not substantially similar, and thus Datamaxx is thus not claiming in this action that CPI copied literal elements of the Omnixx.Desktop computer program.

**Response:**



2.    The   source   codes   for   Omnixx.OmniForce   (12/17/02 version) and OpenFox Messenger (v. 1.00.0137 & v. 0.09) are not substantially similar, and thus Datamaxx is thus not claiming in this   action   that   CPI   copied   literal   elements   of   the Omnixx.OmniForce computer program.

**Response:**

3.    Datamaxx became aware and acquired knowledge of CPI's alleged infringement of Datamaxx's copyrighted materials, as alleged in paragraph 27 of the Complaint, prior to November 9, 2006.

**Response:**

2

Respectfully submitted,

AUSLEY & McMULLEN, P.A.

By_____
Robert N. Clarke, Jr.
Fla. Bar No. 0592900
Martin B. Sipple
Fla. Bar No. 0135399
123 South Calhoun Street
P.O. Box 391 (zip 32302)
Tallahassee, Florida 32301
(850) 224-9115 – telephone
(850) 222-7560 – facsimile

Attorneys for Defendant

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was hand delivered the 14th day of April, 2010, to:

Wiley Horton
Pennington, Moore, Wilkinson, Bell & Dunbar, P.A.
215 South Monroe Street, Suite 200
Tallahassee, Florida 32301

_____
Attorney

3

# EXHIBIT

# G

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

Datamaxx Applied Technologies,
Inc., a Florida Corporation,

     Plaintiff,

v.

Computer Projects of Illinois, Inc., an
Illinois Corporation,

     Defendant.

_____/

Case No. 4:09-CV-435-RH/WS

## PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST REQUEST FOR ADMISSIONS

Plaintiff, Datamaxx Applied Technologies, Inc. ("Datamaxx"), pursuant to Rule

35, Fed. R. Civ. P., herein replies to Defendant, Computer Projects of Illinois, Inc. ("CPI")

requests for admissions as follows:

### Requests

1.    The source codes for Omnixx.Desktop (10/29/02 version) and OpenFox
DeskTop (v.1.00.0125 & v. 0.09) are not substantially similar, and thus Datamaxx is thus
not claiming in this action that CPI copied literal elements of the Omnixx.Desktop
computer program.

**Response:**

**Deny.**



2.     The source codes for Omnixx.OmniForce 12/17/02 version) and OpenFox Messenger (v. 1.00.0137 & v, 0.09) are not substantially similar, and thus Datamaxx is thus not claiming in this action that CPI copied literal elements of the Omnixx.OmniForce computer program.

**Response:**

**Deny.**

3.     Datamaxx became aware and acquired knowledge of CPI's alleged infringement of Datamaxx's copyrighted materials, as alleged in paragraph 27 of the Complaint, prior to November 9, 2006.

**Response:**

**Deny.**

Dated this  14TH  day of May, 2010.

**J. WILEY HORTON**
Pennington, Moore, Wilkinson, Bell
& Dunbar, P.A.
215 S. Monroe St., 2nd Floor
Tallahassee, Florida 32301
Telephone:     (850) 222-3533
Facsimile:     (850) 222-2126
Florida Bar No. 0059242

Attorney for Plaintiff.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document was served via electronic mail and hand delivered upon the persons listed below this 14th day of May, 2010.

Robert N. Clarke, Jr.
123 South Calhoun Street
Tallahassee, FL 32301
rclarke@ausley.com

John Wiley Horton, Esq.

# EXHIBIT

# H

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

Datamaxx Applied Technologies,
Inc., a Florida Corporation,

     Plaintiff,

v.                     Case No. 4:09-CV-435-RH/WS

Computer Projects of Illinois,
Inc., an Illinois Corporation,

     Defendant.
_____/

## PLAINTIFF'S SECOND SET OF INTERROGATORIES

Defendant, Computer Projects of Illinois, Inc. ("CPI"), pursuant to Rule 33, Fed. R. Civ. P., requests that, within thirty (30) days of service, defendant, Datamaxx Applied Technologies, Inc. ("Datamaxx"), answer each interrogatory set forth below in writing and under oath.

### General Instructions

1.    Unless otherwise indicated by the context, as used herein "Datamaxx" refers to plaintiff, Datamaxx Applied Technologies, Inc.

2.    These interrogatories call for all information that is known or is available to Datamaxx, including all information in the possession or under the control of Datamaxx's agents, employees, predecessors, successors, assigns, investigators, attorneys, or accountants, or other persons acting under Datamaxx or under the authorization, employment, direction or control of persons acting under Datamaxx.



EXHIBIT

H

3.    As used herein, "DOCUMENT," "DOCUMENTS," "WRITING," and "WRITINGS" mean all forms of "writings" as defined in Federal Rule of Evidence 1001(1), and includes any reduction of communication, information, or data to tangible form, including computer or magnetic memory or storage, and any written, recorded, or filmed graphic matter of any kind or nature, however produced or reproduced, including originals, drafts, or non-identical copies, wherever located.  This definition shall apply to all documents on the particular subject in Datamaxx's possession, custody, or control, or that of Datamaxx's attorneys, agents, employees, officers, directors, or representatives, irrespective of who generated, prepared, or signed the documents.

3.    As used herein, the term "IDENTIFY," where used with respect to a natural person, means to state the person's full name, present or last known home and business addresses and telephone numbers, occupation and title, and relationship or affiliation, if any, with Datamaxx.

4.    The term "IDENTIFY," where used with respect to a corporation, partnership, limited partnership, association, cooperative or other entity, means to state the entity's full name, present or last known business address and telephone number, its relationship, if any, to Datamaxx (e.g. manufacturer, licensee, customer, supplier, consultant, etc.), and the name and job title of Datamaxx's contact person, if any.

5.    The term "IDENTIFY" where used with respect to an event or a thing means to state the date and place each event or

2

thing occurred, to identify the witnesses to each event or thing, and to describe the event or thing in detail.

6. The term "IDENTIFY," where used with respect to the term "DOCUMENTS," means to state the date of each document, its author, the sender, the number and the type of document, the name and address of each recipient of the document, its subject matter and substance, and the name and address of any person presently having possession, custody or control of the document. If a document was known to Datamaxx at any time but is no longer in existence, state what disposition was made of the document and the reason for said disposition.

7. As used herein, the words "or" and "including," and similar words of guidance, are merely intended as such, and should not be construed as words of limitation; the word "or," for example, shall include the word "and," as appropriate, and the word "including" shall not be used to limit any general category description that precedes it.

8. As used herein, "REGARDING", "RELATE(S) TO" or "RELATING TO" mean, by way of example and without limitation, describes, explains, memorializes, evidences, substantiates, demonstrates, comprises, refers to, pertains to, supports, contradicts, affects, or concerns all or any portion of the matters, facts, and contentions specified in the interrogatory.

9. As used herein, "Complaint" means the Complaint filed by plaintiff against defendants in this action, Civil Action No. 4:09-CV-435-RH/WS.

3

10. If you object to any interrogatory on the ground that it calls for disclosure of information allegedly protected from discovery by any privilege or doctrine, including, but not limited to, the attorney-client privilege or the attorney work product doctrine, provide the following information concerning any such information:

(a)  its nature (e.g., telephone communication, letter, memorandum), and whether it is reflected in or evidenced by any document, as defined herein;

(b)  the subject matter of the information;

(c)  the date on which the document was made;

(d)  the name, address, and occupation of each person (i) who was a party to said communication, (ii) who was present at the time of (or who overheard) said communication, and/or (iii) to whom said communication or information has been disclosed in whole or in part and the reason therefore; and

(e)  the basis for the claim of privilege.

11. These interrogatories shall be deemed continuing in accordance with Federal Rule of Civil Procedure 26(e).

4

## Interrogatories

1.    If your response to Request for Admission number 1 served herewith is anything other than an unqualified admission, explain in detail the factual basis for the response and for your contention (if such a contention is made) that verbatim copying of the literal elements of the source or object code of the Omnixx.Desktop computer program occurred.

**Answer:**

5

2.    If your response to Request for Admission number 2 served herewith is anything other than an unqualified admission, explain in detail the factual basis for the response and for your contention (if such a contention is made) that verbatim copying of the literal elements of the source or object code of the Omnixx.Force Browser computer program occurred.

**Answer:**

6

   3.   Does  Datamaxx  contend  that  CPI  copied  non-literal
elements of the Omnixx.Desktop computer program?   If so, state
with  specificity  each  and  every  non-literal  element  of  the
program   that   Datamaxx   considers   to   be   original   and   thus
protectable.

   **Answer:**

4.    Does  Datamaxx  contend  that  CPI  copied  non-literal
elements of the Omnixx.Force Browser computer program?    If so,
state with specificity each and every non-literal element of the
program   that   Datamaxx   considers   to   be   original   and   thus
protectable.

**Answer:**

8

5.    If your response to Request for Admission number 2 served herewith is anything other than an unqualified admission, state the date when Datamaxx first become aware or gained knowledge of CPI's alleged infringement of Datamaxx's copyrighted materials, as alleged in paragraph 27 of the Complaint?

**Answer:**

6.    State   with   specificity   the   factual   circumstances
pursuant to which Datamaxx became aware or gained knowledge of
CPI's alleged infringement of Datamaxx's copyrighted materials on
the date identified in your answer to interrogatory number 5, and
identify    all    persons    knowledgeable    of    these    factual
circumstances.

**Answer:**

7.    With respect to paragraph 9 of the Affidavit of Donald Lewis dated January 4, 2010 ("Lewis Affidavit"), state with specificity the version number(s) and release date(s) for all Omnixx source files and metadata that Datamaxx alleges CPI had access to, identify the CPI personnel whom Datamaxx alleges had access, and identify any documents referring to, memorializing or evidencing any such access.

**Answer:**

8.   With respect to the statement in paragraph 10 of the Lewis Affidavit that "in 2002, while preparing for deployment pursuant to the contract between Datamaxx and the Indiana State Police (IDACS), Datamaxx and CPI agreed and later installed the Omnixx software on machines located at the CPI offices in Illinois," state with specificity the factual basis for this allegation, identify the nature of all such "software" (i.e. source code, executable, meta-data, data) that was installed, identify any communications relating to the specific purpose of this installation, and identify any documents referring to, memorializing or evidencing any such installation.

**Answer:**

9.    With respect to the statement in paragraph 10 of the Lewis Affidavit that "in preparation for the 2003 Annual National Law Enforcement Telecommunications System ("Nlets") conference, Datamaxx provided updated Omnixx software, which CPI installed within a demonstration environment used jointly at the conference," state with specificity all facts evidencing CPI's installation of Omnixx software in support of this effort, identify the nature of all such "software" (i.e. source code, executable, meta-data, data), identify any communications relating to the specific purpose of this installation, and identify any documents referring to, memorializing or evidencing any such installation.

**Answer:**

13

10. With respect to the statement in paragraph 10 of the Lewis Affidavit that "In preparation for the 2004 Annual National Law Enforcement Telecommunications System ("Nlets") conference, Datamaxx installed the Omnixx software on a laptop device that was then shipped to CPI offices in Illinois for testing purposes," state with specificity all facts supporting this allegation, identify the nature of the software (i.e. source code, executable, meta-data, data) installed on this device, identify any communications relating to the specific purpose of this installation, and identify any documents referring to, memorializing or evidencing any such installation.

**Answer:**

STATE OF

COUNTY OF

    The undersigned hereby certifies that he/she is authorized to answer the foregoing interrogatories on behalf of Datamaxx Applied Technologies, Inc., and that the answers set forth herein are true and correct to the best of his/her knowledge, information, and belief.

    EXECUTED this _____ day of May, 2010.


_____


    Sworn to and acknowledged before me this _____ day of _____, 2010, by _____ personally known to me or, if not personally known to me, who produced a Driver's License #_____ for identification.


                       _____
                       Notary Public


                       _____
                       (Printed Name of Notary)


(Notary Seal)


15

Respectfully submitted,

AUSLEY & McMULLEN, P.A.

By_____
   Robert N. Clarke, Jr.
   Fla. Bar No. 0592900
   Martin B. Sipple
   Fla. Bar No. 0135399
   123 South Calhoun Street
   P.O. Box 391 (zip 32302)
   Tallahassee, Florida 32301
   (850) 224-9115 – telephone
   (850) 222-7560 – facsimile

Attorneys for Defendant

## CERTIFICATE OF SERVICE

       The undersigned hereby certifies that a true and correct
copy of the foregoing was hand delivered the 14th day of April,
2010, to:

Wiley Horton
Pennington, Moore, Wilkinson, Bell & Dunbar, P.A.
215 South Monroe Street, Suite 200
Tallahassee, Florida 32301

                                _____
                                Attorney

16

# EXHIBIT

# I

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

Datamaxx Applied Technologies, Inc., a
Florida Corporation,

     Plaintiff,

v.                              Case No. 4:09-CV-435-RH/WS

Computer Projects of Illinois, Inc., an Illinois
Corporation,

     Defendant.

## PLAINTIFF'S RESPONSE TO DEFENDANT CPI'S
## SECOND SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Datamaxx Applied

Technologies, Inc. ("Datamaxx"), herein responds to Defendant Computer Projects of Illinois,

Inc.'s ("CPI") Second Set of Interrogatories.

## ANSWERS TO INTERROGATORIES

1. If your response to Request for Admission number 1 served herewith is anything

other than an unqualified admission, explain in detail the factual basis for the response and for your

contention (if such a contention is made) that verbatim copying of the literal elements of the

source or object code of the Omnixx.Desktop computer program occurred.

**Answer:**

Datamaxx filed the complaint at issue based on a review of public record information.
Datamaxx cannot affirmatively take a position that substantial copying of the literal elements of
the source or object code of the Omnixx.Desktop computer program occurred or did not occur
until such time that Datamaxx has obtained and reviewed a full copy of the source code at work
on a computer.

1

EXHIBIT
I

3. Does Datamaxx contend that CPI copied non-literal elements of the Omnixx.Desktop computer program? If so, state with specificity each and every non-literal element of the program that Datamaxx considers to be original and thus protectable.

**Answer:**

See Answer Number 1 to Plaintiff's Response to Defendant's First Set of Interrogatories for the list of elements of the Omnixx.Desktop program which Datamaxx feels are original to the Omnixx.Desktop program.

4. Does Datamaxx contend that CPI copied non-literal elements of the Omnixx.Force Browser computer program? If so, state with specificity each and every non-literal element of the program that Datamaxx considers to be original and thus protectable.

**Answer:**

See Answer to Number 2 to Plaintiff's Response to Defendant's First Set of Interrogatories for the list of elements of the Omnixx.Force Browser program which Datamaxx feels are original.

STATE OF FLORIDA

COUNTY OF LEON

The undersigned hereby certifies that she is authorized to answer the foregoing interrogatories on behalf of Datamaxx Applied Technologies, Inc., and that the answers set forth herein are true and correct to the best of her knowledge, information, and belief.

EXECUTED this 14th day of May, 2010

By: _____

Christina Lake

Sworn to and acknowledged before me this 14th day of May, 2010, by Christina Lake, personally known to me.

Notary Public _____

Kay Stephenson
(Printed Name of Notary)

(Notary Seal)

KAY L. STEPHENSON
Commission DD 725800
Expires November 7, 2011
Bonded Thru Troy Fain Insurance 800-385-7019

12

Dated this _14th_ day of May, 2010.

**J. WILEY HORTON**
Pennington, Moore, Wilkinson, Bell
& Dunbar, P.A.
215 S. Monroe St., 2nd Floor
Tallahassee, Florida 32301
Telephone:     (850) 222-3533
Facsimile:     (850) 222-2126
Florida Bar No. 0059242

Attorney for Plaintiff.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document was served via electronic mail and hand delivered upon the persons listed below this _14th_ day of May, 2010.

Robert N. Clarke, Jr.
123 South Calhoun Street
Tallahassee, FL 32301
rclarke@ausley.com

John Wiley Horton, Esq.

# EXHIBIT

# J

*CPI / Copyright
Corresp.*

**From:** Marty Sipple
**To:** Adrienne Love;  Wiley Horton
**Date:** 6/2/2010 9:29 AM
**Subject:** Datamaxx v. CPI
**Attachments:** Demo Instructions.pdf; Demo Invoice.pdf

**CC:** Rob Clarke
Wiley & Adrienne,

CPI's demonstration software is now up and ready for use.  Attached is a document providing instructions for use by Datamaxx's expert in accessing the files.

Please note that, so as not to open up CPI's system to internet traffic in general, the company has restricted access to the demonstration system on an individual address basis.  Thus, we will need to know from what IP address the Datamaxx expert will be accessing the system.  Once we have that information, it will take just a few minutes to open traffic from that address to the system.  Please provide us the information regarding the expert's IP address at your convenience.

Finally, also attached is an invoice from CPI for the cost of creating the software demonstration files.  Please remit payment to our attention or directed to CPI.  Thanks.

Martin B. Sipple
Ausley & McMullen, P.A.
123 South Calhoun Street
Tallahassee, Florida 32301
850-224-9115 - main switchboard
850-425-5315 - direct line
850-222-7560 - facsimile
msipple@ausley.com



EXHIBIT
**J**